UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandyn Phillips,

            Plaintiff,

v.                                                     17-cv-4771 (JNE/LIB)
                                                       ORDER

Minnesota Department of Human Services
and Douglas County Social Services,

            Defendants.


        Plaintiff Brandyn Phillips filed this action against Defendant Minnesota

Department of Human Services ("DHS") and Defendant Douglas County Social Services

seeking damages for alleged violations the Fair Credit Reporting Act ("FCRA").  ECF

Nos. 1, 19.  DHS moves for dismissal under Federal Rule of Civil Procedure 12(b)(1),

arguing that the Court lacks subject matter jurisdiction because the Eleventh Amendment

bars the FCRA claim.  The Court grants the motion and dismisses this action as against

DHS.[1]

        Federal courts lack subject matter jurisdiction over claims barred by the Eleventh

Amendment.  *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014).  "The burden of proving

subject matter jurisdiction falls on the plaintiff."  *V S Ltd. P'ship v. Dep't of Hous. and

Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).  To satisfy its burden of proof, Plaintiff

must therefore show that the Eleventh Amendment does not bar FCRA claims against

---

[1] DHS argues in the alternative that the Court should dismiss under Rule 12(b)(6) for failure to state a claim.  The Court declines to address this argument.

1

DHS.  Because DHS raises a facial challenge to jurisdiction, "all of the [Plaintiff's] factual allegations concerning jurisdiction are presumed to be true."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

The Eleventh Amendment bars claims by individual citizens against a state in federal court unless the state waived its immunity or Congress abrogated the state's immunity.  *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Plaintiff does not argue that Minnesota waived its immunity.[2]  *See* Minn. Stat. § 1.05 (waiving immunity for violations of other federal statutes but not the FCRA).  Instead, Plaintiff argues that Congress abrogated Eleventh Amendment immunity.

Congress must satisfy two conditions to abrogate Eleventh Amendment immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003).  First, it must make "its intention to abrogate [immunity] unmistakably clear in the language of the statute."  *Id.* Second, it must abrogate this immunity "pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."  *Id.*

Plaintiff argues that Congress unmistakably stated in the FCRA that it intended to abrogate Eleventh Amendment immunity.  But Plaintiff offers no authority showing that Congress enacted the FCRA pursuant to a valid exercise of its enforcement power under § 5 of the Fourteenth Amendment.  Nor is the Court aware of any such authority. Moreover, the courts considering this issue have concluded that Congress enacted the

---

[2] The parties do not dispute that DHS shares Minnesota's immunity as an agency of the state.

2

FCRA under the Commerce Clause, not the Fourteenth Amendment, and so cannot

abrogate Eleventh Amendment immunity.[3]

In short, Plaintiff failed to prove subject matter jurisdiction.  Even if Congress

unmistakably stated its intention to abrogate Eleventh Amendment immunity, Congress

failed to act through a valid exercise of its power under § 5 of the Fourteenth

Amendment.  And so Congress did not abrogate Eleventh Amendment immunity, DHS is

entitled to this immunity, and the Court lacks subject matter jurisdiction over the claims

against DHS.  Accordingly, IT IS ORDERED THAT:

1.  Defendant DHS's motion to dismiss under Rule 12(b)(1) [ECF Nos. 12, 22] is
    GRANTED.

2.  This action is DISMISSED WITH PREJUDICE as against Defendant DHS.

Dated: February 9, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[3] *See, e.g.*, *Banks v. ACS Educ.*, 638 F. App'x. 587, 589 (9th Cir. 2016) (stating that Congress "could not validly abrogate immunity under the FCRA" because Congress enacted the FCRA under the Commerce Clause); *Hutchinson v. Carco Grp., Inc.*, Civil No. 15-1570, 2015 WL 5698283, at *8 (E.D. Pa. Sept. 29, 2015) ("Congress enacted the FCRA pursuant to its Commerce clause powers and, thus, lacked the authority to take away the States' sovereign immunity in the statute."); *Densborn v. Trans Union, LLC*, No. 08 C 3631, 2009 WL 331466, at *2 (N.D. Ill. Feb. 10, 2009) (same); *Peaslee v. Ill. Student Assistance Comm'n*, No. 08 C 3167, 2008 WL 4833124, at *3 (N.D. Ill. Oct. 27, 2008) ("[E]ven if Congress had intended to abrogate the states' Eleventh Amendment immunity in the FCRA, Congress did not act pursuant to a valid grant of constitutional authority."); *Betts v. Virginia*, 3:06CV753, 2007 WL 515406,  at *3 (E.D. Va. Feb. 2, 2007) (finding Congress enacted FCRA through the Commerce Clause and did not, therefore, abrogate states' immunity); *Sorrell v. Ill. Student Assistance Comm'n*, No. 03-3257, 314 F. Supp. 2d 813, 817 (C.D. Ill. 2004) (same); *O'Diah v. New York City*, No. 02 CIV 274(DLC), 2002 WL 1941179, at *6 (S.D.N.Y. Aug. 21, 2002) (same).